(33 Misc. Rep. 35.)

## PEOPLE v. BIESECKER.

(Supreme Court, Special Term, New York County. November, 1900.)

1. CONSTITUTIONAL LAW—AGRICULTURAL LAW—VALIDITY.

Laws 1893, c. 338, §§ 27, 37, as amended by Laws 1899, c. 435, and Laws 1900, c. 534, prohibiting the sale of any butter or other dairy product containing a preservative, except salt in butter and cheese, and spirituous liquors in cheese, and sugar in condensed milk, and prohibiting the sale of any preservative substances to be used in violation thereof, and providing a penalty therefor, is unconstitutional, as a restriction on the general right to sell preservative substances.

2. SAME—HEALTH—REGULATIONS.

Such act cannot be sustained as a health regulation, since it does not purport to be a health law, but is apparently directed against fraudulent practices.

Action by the people against John S. Biesecker. Demurrer to complaint sustained.

Leonard D. Baldwin, for the People.

Edward Lauterbach, Henry L. Scheuerman, and Herbert R. Limburger, for defendant.

BISCHOFF, J. The question raised by this demurrer is confined solely to the constitutionality of sections 27 and 37 of the agricultural law (Laws 1893, c. 338) as last amended, respectively, by chapter 534, Laws 1900, and chapter 435, Laws 1899. The particular provision of section 27 involved in discussion is as follows:

"No person shall sell, offer or expose for sale, any butter or other dairy products containing a preservative, but this shall not be construed to prohibit the use of salt in butter or cheese, or spirituous liquors in club or other fancy cheese or sugar in condensed milk. No person or persons, firm, association or corporation shall induce or attempt to induce any person or persons to violate any of the provisions of the agricultural law. Any person, firm, association or corporation selling, offering or advertising for sale any substance, preparation or matter for use in violation of the provisions of the agricultural law shall be guilty of a violation of this act."

Section 37 provides the penalty for any violation of these provisions.

There can hardly be room for doubt that, so far as this law attempts to prohibit the sale of any preservative substance to be used in connection with dairy products other than salt, liquor, and sugar for use, respectively, in butter, cheese, and condensed milk, an unconstitutional restriction upon the liberty of individuals who might engage in the sale of preservative substances generally is presented (People v. Gillson, 109 N. Y. 389, 17 N. E. 343; In re Jacobs, 98 N. Y. 98), unless the statute may be upheld as a regulation for the purpose of promoting the health of the community. When so tested, however, within the rules laid down by the cases, I think that this statute, so far as here considered, must fail of support. In Re Jacobs, supra, the rule is stated to be that:

"When a health law is challenged in the courts as unconstitutional on the ground that it arbitrarily interferes with personal liberty and private property without due process of law, the courts must be able to see that it has at least in fact some relation to the public health, that the public health is the end actually aimed at, and that it is appropriate and adapted to that end."

Where it is reasonably apparent that a law deals with a situation involving a question of health, the advisability of the particular restriction is not a matter for the courts to determine, since the legislature may properly examine into the extent of the danger, and devise the remedy, and the necessity for the remedy adopted is to be assumed. People v. Girard, 145 N. Y. 105, 39 N. E. 823; People v. Cipperly, 101 N. Y. 634, 4 N. E. 107; Id., 37 Hun, 324. Within this principle, any adulteration of food may be forbidden (People v. Girard, supra), and it is suggested for the plaintiff that the act now before me is to be treated as aimed at a condition whereby dairy products are subjected to adulteration. But why? A "preservative" cannot harm if it merely preserves. Nor can the plaintiff's argument that the need of preservation implies impurity be seriously considered, for the act concedes the necessity for a preservative in butter, cheese, and condensed milk. The act does not prohibit merely the use of preservatives containing harmful matter; it prohibits all varieties of substitutes for salt as a preservative of butter, for liquor in the case of cheese, and sugar in condensed milk. It may be that there are chemicals which would preserve butter for the last meal of the consumer, but the availability of poison as a substitute for many household staples could not reasonably be met by a prohibition of the sale of all articles usually purchased for the use of a family. If it could be seen that the tendency towards the use of preservatives in dairy products was harmful, the legislative inhibition of preservatives, good and bad, might be within its general powers, and the question of fact whether the good or the bad predominated would not be open to inquiry by the courts (People v. Cipperly, supra); but the difficulty with the present enactment is that it does not purport to be a health law (the section, as a whole, being directed apparently against fraudulent practices merely), and the possibility that the legislature had in mind a condition whereby the health of the community was menaced is supported at best by conjecture, and not by reason. I conclude that the demurrer should be sustained, with costs.

Demurrer sustained, with costs.